Brian ALEXIS, AKA Blagoy Petrov Alexiev, Plaintiff-Appellant,

v.

FEDERAL BUREAU OF INVESTIGATION, The United States, official capacity; et al., Defendants-Appellees.

No. 15-55688

United States Court of Appeals, Ninth Circuit.

Submitted September 27, 2017 *

Filed October 3, 2017

Brian Alexis, Pro Se

David A. DeJute, Assistant U.S. Attorney, Jessica O. Cheh, Assistant U.S. Attorney, USLA—Office of the U.S. Attorney, Los Angeles, CA, for Defendant-Appellee Federal Bureau of Investigation

Raymond Joseph Fuentes, Attorney, Fuentes & McNally, LLP, Glendale, CA, for Defendant-Appellee County of Los Angeles

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Brian Alexis, AKA Blagoy Petrov Alexiev, appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising from defendants' alleged failure to investi-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

gate and prosecute an attempted murder. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of the statute of limitations. *Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1050 (9th Cir. 2004). We affirm.

The district court properly dismissed Alexis' action as time-barred because the statute of limitations defense for his claims appears on the face of his complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (district court may dismiss a claim "[i]f the running of the statute is apparent on the face of the complaint" and the assertions of the complaint do not permit a showing that the statute was tolled); *see also Sharkey v. O'Neal*, 778 F.3d 767, 773 (9th Cir. 2015) (California's three-year statute of limitations for actions based upon liabilities created by statute applies to claims under Title II of the Americans with Disabilities Act); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007) (stating that California's two-year statute of limitations for personal injury actions applies to § 1983 claim, and claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation and internal quotation marks omitted)); *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) (forum state's statute of limitations for personal injury actions applies to *Bivens* claim).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.